IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MIDWEST FAMILY MUTUAL INS. CO., <br> Plaintiff, <br><br> vs. <br><br> BRIAN WHITE, ASHLEY PETERSEN, & <br> BLACKHAWK BANCORP, INC., <br> Defendant. | Case No. 09 C 50016 <br><br> Magistrate Judge <br> P. Michael Mahoney |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's motion to withdraw admissions under Rule 36(b) and for an extension of time to respond to Defendants' requests to admit. For the following reasons, Plaintiff's motion is granted.

Plaintiff, Midwest Family Mutual Insurance Company ("MFM"), issued a homeowners' insurance policy for the residence of Defendants Brian and Ashley White.[1] On December 13, 2008, a fire occurred at Brian and Ashley's residence. They filed a claim to indemnify the loss suffered by the fire.

MFM denied the claim on or about January 20, 2009. Also, on January 30, 2009, MFM filed this action alleging that Brian and Ashley made false or misleading statements on their policy application and intentionally concealed a material fact from MFM when applying for their insurance coverage. In Count I, MFM seeks a declaratory judgment that Brian and Ashley's

---

[1] Prior to MFM issuing the policy, Ashley's last name was Petersen. After the policy was issued, Brian and Ashley were married and Ashley changed her last name to White.

1

misrepresentations justify denial of coverage under Exclusion Q of the policy.[2] In Count II, MFM seeks a declaratory judgment that the misrepresentations render the contract null and void *ab initio*. Finally, in Count III, MFM seeks rescission of the contract due to the misrepresentations.

Parties held a Rule 26(f) conference on March 26, 2009. On April 29, 2009, the court entered the case management order which set the fact discovery cutoff date as July 2, 2009. On April 7, 2009, Defendants served requests to admit on MFM. Apparently, when MFM's counsel received the envelope containing the requests to admit, she mistakenly believed that it contained "26a1 disclosures or other discovery requests." (Pl.'s Reply Ex. B.) Based on that belief, she did not open the envelope until late May. (Pl.'s Mot. n.1; Pl.'s Reply Ex. B.) In court on June 5, 2009, Plaintiff's counsel requested an extension from Defendants' counsel to respond to the requests, but was advised to follow up with the primary attorney on the file. (Pl.'s Mot. n.1.) Plaintiff's counsel attempted to contact Defendants' lead counsel in mid-June, but he was on vacation and unavailable. (*Id.*) On June 30, 2009, Defendants' lead counsel advised Plaintiff's counsel that he objected to an extension. (Pl.'s Reply Ex. B.)

---

[2]Exclusion Q states the following:

> Q. Concealment or Fraud.
>
> We provide coverage to no "insureds" under this policy if, whether before or after a loss an "insured" has:
>
> a. Intentionally concealed or misrepresented any material fact or circumstance;
> b. Engaged in fraudulent conduct; or
> c. Made false statements;
>
> relating to this insurance.

(Compl. ¶ 28.)

On July 2, 2009, parties filed an agreed motion to extend fact discovery until August 17, 2009. The court granted that motion on July 15, 2009. Plaintiff also filed a motion to withdraw its admissions under Rule 36(b) and for an extension of time to respond to Defendants' requests to admit. The court then granted Defendants' agreed motion to stay the decision on Plaintiff's motion to withdraw admissions based on representations that the parties were engaged in settlement negotiations. That stay was lifted on October 9, 2009.

Under Rule 36(a), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Fed. R. Civ. P.* 30(a)(3). "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Fed. R. Civ. P.* 30(b). Withdrawal is permitted only when "it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id*.

The first prong of the test under Rule 36(b) is whether allowing withdrawal would promote the presentation of the merits of the action. In this case, the admissions are dispositive as to important issues. Request Number 16 states, "Admit that under Exclusion Q of the Policy . . . , the third option, 'c. Made false statements,' does not comport with the Illinois Insurance Code, § [*sic*] 215 ILCS 5/154, and is therefore inapplicable." Request Number 17 states, "Admit that under Exclusion Q of the Policy . . . , both the first and second options, 'a. Intentionally concealed or misrepresented any material fact or circumstance; b. engaged in fraudulent conduct' require a finding of intent in order for the Exclusion to apply." Request Number 18 then states, "Admit that in order for Exclusion Q to apply, that Brian White and/or Ashley White

3

must have intentionally made a misrepresentation." Finally, Request Number 19 states, "Admit that Exclusion Q of the Policy is more restrictive against MFM than the Illinois Insurance Code, § [*sic*] 215 ILCS 5/154, that therefore, the Policy language is controlling in this case."

If admitted, these four requests significantly lessen the role of the court in interpreting the contract. They determine whether 215 ILCS 5/154 is applicable. They also determine whether MFM must prove intent for Exclusion Q to apply. These contract interpretation issues are important and possibly dispositive to the case.

Also, Request Number 20 states, "Admit that the terms of the Policy do not grant MFM the right to have the Policy declared null and void *ab initio* based on a misrepresentation by the insured." A "voidable contract can be ratified and enforced by the obligor, although not by the wrongdoer, while the void contract cannot be." *Ill. State Bar Ass'n Mut. Ins. Co. et al. v. Coregis Ins. Co.*, 355 Ill. App. 3d 156, 821 N.E.2d 706, 713 (Ill. App. Ct. 2004). Counts II and III of the Complaint both seek declaratory judgment finding that the policy issued to Brian and Ashley was void *ab initio*. Thus, this admission significantly changes the positions of the parties with regard to the contract, and virtually eliminates Counts II and III.

Request Number 21 states, "Admit that the terms of the Policy do not grant MFM the right to have the Policy rescinded based on a misrepresentation by the insured." Count III of the Complaint seeks rescission of the policy. Request Number 21 is completely dispositive of Count III. Because Request Numbers 17–21 determine substantive issues in the case, allowing the withdrawal of Plaintiff's admissions would greatly promote presentation of the merits of the action. Plaintiff has satisfied the first prong of Rule 36(b).

The second prong of the test under Rule 36(b) is whether withdrawal would prejudice the Defendants. Plaintiff bears the burden to show that Defendants would not be prejudiced.

4

Defendants argue that they would be prejudiced by withdrawal of the admissions because they forewent discovery based on those admissions.

The responses to the requests to admit were due on May 7, 2009. Upon learning of her mistake, Plaintiff's counsel approached Defendants' counsel in court and attempted to have the admissions withdrawn on June 5. After objecting to Plaintiff having additional time to respond to the requests to admit on June 30, Defendants joined Plaintiff's motion to extend fact discovery until August 17, 2009. At the hearing on August 19, neither party indicated that it would need much, if any, additional discovery in this case even if the court allowed Plaintiff to withdraw its admissions. At this point, the potential prejudice to Defendants seems minimal.

Plaintiff attached as Exhibit A to its reply brief (Crt. Doc. 27) its proposed amended responses. It represents that it also submitted the amended responses to Defendants. To the extent that Defendants relied on the admissions and forewent discovery, the court can alleviate the prejudice suffered by Defendants by extending the fact discovery cutoff again.

Also, Defendants should not have to bear the costs related to this motion. The briefing of this motion, as well as appearances in court presenting and arguing the motion, would not have been necessary had MFM's counsel answered the requests to admit in the first place.

Therefore, the court will allow Plaintiff to withdraw its admissions to the requests to admit, but only if Plaintiff reimburses Defendants within a reasonable time for reasonable costs associated with litigating this motion. Upon reimbursement, Plaintiff's amended responses are to stand. If Plaintiff has not already done so, the court orders it to serve those responses on Defendants.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: October 13, 2009